IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GOODMAN MANUFACTURING COMPANY, L.P., and GOODMAN DISTRIBUTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CARRIER CORPORATION, <br><br> Defendant, | ) ) ) ) ) ) ) ) Civ. No. 13-2014-SLR ) ) ) ) ) |

**MEMORANDUM**

At Wilmington this 25th day of September, 2014, having reviewed defendant Carrier Corporation's ("Carrier") motion to dismiss (D.I. 10), plaintiffs Goodman Manufacturing Company, L.P. and Goodman Distribution, Inc.'s (collectively, "Goodman") motion for leave to file supplemental briefing (D.I. 15), and the papers filed in connection therewith; the court issues its decision based on the following reasoning:

1. **Background.** On December 9, 2013, Goodman filed this complaint against Carrier seeking a declaratory judgment of inequitable conduct by Carrier relating to U.S. Patent Nos. 7,243,004 ("the '004 patent") and 7,775,452 ("the '452 patent") (collectively "the patents"). The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. The patents are the subject of Carrier's patent infringement suit against Goodman ("the infringement action") in a separate action between the parties pending before this court. (Civ. No. 12-930) The deadline for motions to amend the pleadings was January 31, 2013 (Civ. No. 12-930, D.I. 27), and Carrier filed an unopposed motion for leave to file a first amended complaint on that date. (Civ. No. 12-930, D.I. 50; D.I.

51) Goodman answered the amended complaint and counterclaimed for invalidity and non-infringement on February 22, 2013 and amended those answers on November 22, 2013. (Civ. No. 12-930, D.I. 55; D.I. 56; D.I. 174; D.I. 175) Fact discovery closed on October 10, 2013, with the exception of certain depositions the parties agreed to hold after that date. (Civ. No. 12-930, D.I. 187 at 6; D.I. 198 at 4) On the same day as the present action was filed, Goodman sought leave to file second amended answers, including affirmative defenses and counterclaims for inequitable conduct.[1] (Civ. No. 12-930, D.I. 186) On May 22, 2014, the parties' stipulated to dismiss the claims and counterclaims regarding the '452 patent. (Civ. No. 12-930, D.I. 273) On June 19, 2014, the court denied Goodman's motion for leave to file second amended answers, filed December 9, 2013, which included affirmative defenses and a counterclaim that the '004 patent is unenforceable due to inequitable conduct. (Civ. No. 12-930, D.I. 303; D.I. 304) As the '452 patent was no longer at issue, the court did not consider the parties' arguments relating to the '452 patent.[2] (*Id.*)

3. **Compusory Counterclaim Standard**. A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). "A compulsory counterclaim not raised in the first action is barred in subsequent litigation." *Bristol*

---

[1] The allegations are the same as the ones in the present action.

[2] Specifically, the court did not address Goodman's inequitable conduct grounds relating to the Comfort Zone II HVAC system as prior art to the '452 patent (Civ. No. 12-930, D.I. 186, ex. 4 at ¶ 40) or the Varitech system as prior art to the '452 patent. (*Id.* at ¶¶ 31-37)

2

*Farmers Mkt. and Auction Co. v. Arlen Realty & Dev. Corp.*, 589 F.2d 1214, 1220 (3d Cir. 1978). As this court noted in *Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 558 (D. Del. 1992), the United States Court of Appeals for the Third Circuit has embraced a fairly liberal interpretation of the "transaction or occurrence" standard, establishing that "the operative question in determining if a claim is a compulsory counterclaim ... [is] whether [the counterclaim] bears a logical relationship to an opposing party's claim." A counterclaim is logically related to the opposing party's claim "[w]here multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties." *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir.1961). In determining whether a "logical relationship" exists between an opposing party's claim and a counterclaim, the court will analyze several factors: (1) Are the issues in fact and law raised by the claim and counterclaim largely the same?; (2) Would res judicata bar plaintiff's subsequent suit absent the compulsory counterclaim rule?; and (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? *Metallgesellschaft*, 143 F.R.D. at 558.

4. **Discussion.** In *Rohm and Haas Co. v. Brotech Corp.*, 770 F. Supp. 928 (D. Del. 1991), the court agreed with prior decisions finding that "later filed antitrust and fraud claims alleging fraud on the PTO, are logically related to the patent claims at issue in the earlier filed [infringement action]." *Id.* at 933, 931 ("[T]he fraudulent procurement of a patent claim, whether asserted as a defense to an infringement suit or brought separately as an antitrust claim, is 'logically related' to a claim for patent

3

infringement. As such, that claim must be presented under Rule 13(a) or it is forever barred." (quoting *USM Corp. v. SPS Technologies, Inc.*, 102 F.R.D. 167, 170 (N.D. Ill. 1984)). In rejecting an argument that "the specific type of fraudulent procurement alleged in the [later] action is unrelated to chemistry and patent law," the court explained that,

> even were the chemical compositions of the patented and alleged infringing products completely irrelevant to the [later] claims, allegations of fraudulent procurement of a patent still involve fundamental issues of patent law which are logically related to infringement issues. For example, to determine whether an applicant had practiced fraud on the PTO, the factfinder must assess what evidence must be presented to the PTO to obtain legitimate approval of a given patent application.

*Id.* at 934 n.2; *cf. Syngenta Seeds, Inc. v. Monsanto Co.*, Civ. No. 04-908, 2005 WL 678855 at *9 (March 24, 2005) ("Unlike the facts as examined in *Rohm*, plaintiff's antitrust allegations arise from a broader range of defendants' actions and are not limited to defendants' enforcement of the '835 patent.").

     5. Goodman argues that its "inequitable conduct claims will require a presentation of different evidence from Carrier's claims and, in fact, will likely be tried to the [c]ourt and not the jury." (D.I. 11 at 4) As to the '004 patent, Goodman alleges that the Aquasmart HVAC system ("Aquasmart") is prior art to the '004 patent, and that Rajendra Shah ("Shah") and Jerry Ryan ("Ryan"), inventors of the '004 patent (collectively, "inventors"), misrepresented and omitted information regarding Aquasmart to the USPTO during the prosecution of the '004 patent. (D.I. 1) These are the same allegations made in Goodman's proposed amended answer in the infringement action. Goodman listed the Aquasmart system in the pretrial order as invalidating prior art, but chose not to present such system at trial. This choice, which could have been one of

4

trial strategy, still casts doubt on Goodman's inequitable conduct claims. *Therasense Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (en banc) ("[T]he materiality required to establish inequitable conduct is but-for materiality. When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art.") The court concludes, based on the reasoning above, that Goodman's inequitable conduct claims are compulsory counterclaims. Goodman may not circumvent the court's denial of its motion for leave to amend by filing a separate action for the same claims. Carrier's motion to dismiss is granted in this regard.

6. **Subject Matter Jurisdiction Standard**. Not only may the lack of subject matter jurisdiction be raised at any time, it cannot be waived and the court is obliged to address the issue on its own motion. *See Moodie v. Fed. Reserve Bank of NY*, 58 F.3d 879, 882 (2d Cir. 1995). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000). Under Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See* 2 James W. Moore, *Moore's Federal Practice* § 12.30[4] (3d ed. 1997). Under a facial challenge to jurisdiction, the court must accept as true the allegations contained in the complaint. *See id.* Dismissal for a facial challenge to jurisdiction is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S.

5

678, 682 (1946)).

7. Under a factual attack, however, the court is not "confine[d] to allegations in the ... complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir. 1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Carpet Group*, 227 F.3d at 69 (quoting *Mortensen*, 549 F.2d at 891).

8. The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. 28 U.S.C. § 2201(a). A plaintiff bringing an action for declaratory judgment must prove, by a preponderance of the evidence, that an actual controversy exists. *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992). An actual controversy exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[3] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S.

---

[3]"[T]he phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune*, 549 U.S. at 127 (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937)). Consequently, the analysis of whether "a case of actual controversy" exists is essentially an analysis of whether Article III standing exists. *See generally id.; see also, e.g., SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008). For brevity's sake, the court confines its analysis in this order to whether, under the Declaratory Judgment Act, "a case of actual controversy" exists.

6

118, 127 (2007) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, (1941)). This is not a bright-line test. *See, e.g., Maryland Cas.*, 312 U.S. at 273; *Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1283 (Fed. Cir. 2007).

9. **Discussion**. Goodman avers that an actual controversy between the parties exists based on the infringement action. (D.I. 1 at ¶ 10) However, the parties stipulated to dismiss the infringement and invalidity claims regarding the '452 patent on May 22, 2014. Without a corresponding infringement case, under a "totality of the circumstances" review, there are insufficient facts to show the existence of an actual controversy between the parties as to the '452 patent. *See e.g., Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338-41 (Fed. Cir. 2008) (holding that one prior lawsuit concerning different products, without more, was not sufficient to sustain an actual controversy); *W.L. Gore & Associates, Inc. v. AGA Medical Corp.*, 2012 WL 924978 at *6 (D. Del. Mar. 19, 2012) (finding no substantial controversy for a declaratory judgment of non-infringement, when the patent relates to similar technology of another patent, which was at issue in a pending litigation).

10. **Conclusion.** For the foregoing reasons, Carrier's motion to dismiss is granted.[4] An appropriate order shall issue.

United States District Judge

---

[4]Goodman's motion for leave to file supplemental briefing is denied as moot.